**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES M. CARR, Sr.,** | : | |
| | : | **Case No. 2:13-CV-00762** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Abel** |
| **JEFF NOBLE, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Initial Screening **Report and Recommendation** (Doc. 6), recommending that the court dismiss Plaintiff's claims against Defendants Barns, Blackwell, Coble, Crisler, Croft, Davis, Hurst, Justus, Parish, Preston, Richardson, Stout, Taylor and Waddell on the grounds that Plaintiff failed to state a claim upon which relief may be granted. Under 28 U.S.C. § 1915(e)(2)(B), suits in *forma paupers* must be dismissed "at any time" if the Court determines that the allegations are "frivolous or malicious," or "fail to state a claim on which relief may be granted."

For the reasons stated herein, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation and hereby **DISMISSES** the claims against Defendant's Barns, Blackwell, Coble, Crisler, Croft, Davis, Hurst, Justus, Parish, Preston, Richardson, Stout, Taylor and Waddell. All other claims, against Defendants Cahill, Hall, Jackson, Mohr, Noble and Timmerman-Cooper, shall proceed.

### II. BACKGROUND

Plaintiff, James M. Carr, Sr., an inmate at London Correctional Institution ("LoCI"), filed this prisoner civil rights action under 42 U.S.C. § 1983, alleging that Defendants have interfered

with his exercise of his Christian Separatist faith ("CS"), a Caucasian-based Christian religion. (Doc. 6 at 3). Prior to Plaintiff filing his complaint, he lodged numerous grievances with LoCI pertaining to alleged discrimination. (Doc. 6). Plaintiff filed his Complaint on August 5, 2013, alleging violations of his right to exercise his faith; violation of his freedom of conscience right under Article I, Section 7 of the Ohio Constitution; the unlawful establishment of religion; the unlawful preference of a religion; the denial of the equal protection and benefit clause of Article I, Section 2 of the Ohio Constitution; unlawful racial discrimination in violation of the First, Fifth and Fourteenth Amendment to the United States Constitution; retaliation for the exercise of is constitutional rights; unlawful censorship in violation of the First Amendment to the United States Constitution; and violations of the Religious Land Use and Institutionalized Persons Act, 42, U.S.C. §§ 2000cc, *et seq*. (Doc. 6 at 18).

Plaintiff seeks injunctive relief, declaratory relief and nominal and punitive damages for: Defendants' refusal to make religious materials donated by the CS Church available to him; discrimination against Plaintiff because of his race and/or his disfavored CS religious beliefs; retaliatory conduct unnecessarily restraining his access to religious materials, chilling his right to petition for redress of grievances and burdening his ability to engage in and practice his CS faith; burdening his ability to engage in and practice his CS faith; violation of his constitutional and RLUIPA rights by withholding from him his copy of *Positive Christianity in the Third Reich*; withholding from him other CS faith publications; violating his right rights under RLUIPA by withholding religious materials; pre-screening his religious materials differently than those of inmates who practiced other faiths; and violation of RLUIPA by refusing to recognize CS faith as an approved religion. (*Id*.).

Under 28 U.S.C. § 1915(e)(2), the Magistrate Judge reviewed Plaintiff's Complaint and concluded that Plaintiff failed to state a claim upon which relief may be granted as to Defendants Barns, Blackwell, Coble, Crisler, Croft, Davis, Hurst, Justus, Parish, Preston, Richardson, Stout, Taylor and Waddell and accordingly recommends that they be dismissed. Plaintiff objects to the Magistrate Judge's dismissal of these claims. (Doc. 13). The Magistrate Judge further found that at this initial stage of screening, the Complaint has stated actionable claims for relief against Defendants Cahill, Hall, Jackson, Mohr, Noble and Timmerman-Cooper. (Doc. 6 at 2).

### III. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which the objection is made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1).

Dismissals for failure to state a claim under § 1915 (e)(2) are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6). *Moniz v. Cox,* 512 F. App'x 495, 497 (6th Cir. 2013). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Pro se complaints must be liberally construed. *Moniz*, F. App'x at 497.

3

### IV. ANALYSIS

In the Report and Recommendation ("R&R"), the Magistrate Judge found that, although Plaintiff raised a number of allegations against Defendants, he failed to state a claim upon which relief could be granted as to Defendants Croft, Coble, Blackwell, Barns, Crisler, Davis, Hurst, Justus, Parish, Preston, Richardson, Stout, Taylor and Waddell.  (Doc. 6 at 2).

Plaintiff makes five objections to the Magistrate Judge's R&R.  First, Plaintiff alleges that the Magistrate failed to acknowledge each statutory basis under which this action was brought and this adversely affected the findings and recommendations made by the Magistrate Judge.  (Doc. 13 at 1-2).  Second, Plaintiff argues the Magistrate Judge failed to address each defendant in this action because he did not acknowledge the inclusion of fifteen "John and/or Jane Doe" defendants in various capacities, including the unknown members of the Publication Screening Committee and the STG Committee.  (Doc. 13 at 2).  Third, Plaintiff insists the Magistrate Judge's summarization of events (Doc. 6 at 3-18), contains errors of fact which contributed to the erroneous recommendation to dismiss certain defendants.  Further, Plaintiff notes that it appears the Magistrate Judge has, whether inadvertently or intentionally, cast the facts and events in a light unduly favorable to the positions taken by the various defendants, while omitting the substance of the underlying complaint.  (Doc. 13 at 2-3).  Fourth, Plaintiff objects to the Magistrate Judge's determination that Plaintiff failed to state a claim as to fifteen defendants is clearly erroneous (Doc. 13 at 9-10), and that each of the defendants the Magistrate Judge recommends be dismissed are specifically addressed within the RLUIPA claims, with the exception of defendants Parish and Richardson, whose acts are not alleged to have occurred outside the two years statute of limitations period.  (Doc. 13 at 10).  Fifth, Plaintiff alleges the Magistrate failed to catalog all claims against all defendants in the R&R.  (Doc. 13 at 27-30).

On behalf of Defendants, the Ohio Attorney General asks the Court to overrule Plaintiff's objections. (Doc. 16). The Attorney General argues that with regard to Plaintiff's first, second and fifth objections, nothing in 28 U.S.C. § 1915A(a) & (b) and 42 U.S.C § 1997e(c) mandates the Magistrate Judge "to acknowledge each statutory basis under which this action as brought" (Doc. 13 at 1), address John and Jane Doe Defendants who have not been identified (*id.* at 2), or "catalog all claims against all Defendants" (*id.* at 27), thus effectively making Plaintiff's objections too general for review. The Attorney General additionally argues that Plaintiff's third objection fails to point to all of the alleged errors in the summarization of facts, rendering it also a general objection to the R&R and ineligible for review. (Doc. 16 at 3).

Only objections that are specific are entitled to a *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (noting that "[t]he parties have the duty to pinpoint these portions of the Magistrate Judge's report that the district court must specially consider"). Indeed, "[a] general objection to the entirety of the Magistrate Judge's report has the same effect as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections that dispute the correctness of the Magistrate Judge's recommendation, but fail to specify the findings that the objector believes are in error, are "too summary in nature." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff's first, second and fifth objections are too general in nature to warrant *de novo* review. In Plaintiff's first objection, he asserts that the Magistrate Judge's failure to acknowledge each statutory basis under which the action was brought, "adversely affected other findings and recommendations." (Doc. 13 at 2). Plaintiff fails to explain any specific findings which were adversely affected. In Plaintiff's second objection, he argues that the Magistrate Judge failed to address each defendant in this action, including fifteen "John and/or Jane Doe."

(*Id.*). Under Fed. R. Civ. P. 4(m), "if service is not made upon a defendant within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice as to that defendant." *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 346 (2007). Plaintiff filed his complaint August 5, 2013 and has yet to identify or serve the fifteen John Doe defendants, in violation of the 120 day window provided by Rule 4(m). In Plaintiff's fifth objection, he claims that the Magistrate Judge did not "catalog all claims against all defendants" and provides a three page synopsis outlining each claim for each Defendant. (Doc. 13 at 27-30). Plaintiff, however, fails to specify which findings were in error; rather, he simply restates all of his claims against each Defendant. (*Id.*).

Plaintiff's third objection fails for similar, but distinct, reasons. In his third objection, Plaintiff asserts that the "Magistrate Judge makes a multitude of errors of factual recitation and synopsis" and "seeks a *de novo* review of the entire summary of events and all documents relating hereto." (Doc. 13 at 2-3). To the extent that Plaintiff alleges a generalized error throughout the Magistrate Judge's opinion, this is too summary in nature to merit review, as explained above. With regard to his assertion that the Magistrate Judge misstated the facts of this case, Plaintiff misunderstands the posture of this initial review. As on a 12(b)(6) motion, Plaintiff's factual allegations are accepted as true and construed in a light most favorable to him. Accordingly, the Magistrate Judge concluded that Plaintiff failed to state a claim for relief, even reading his allegations in the light most favorable to him. When making his objections, Plaintiff must point to where the Magistrate Judge allegedly erred and explain why his claim entitles him to relief.

Only Plaintiff's fourth objection sufficiently explains the Magistrate Judge's alleged errors enough to merit review. In this objection, Plaintiff faults the Magistrate Judge for

dismissing fourteen Defendants for failure to state a claim upon which relief can be granted. (Doc. 16 at 3). This Court will address the specific Defendants in turn, in the groups specified by the Magistrate Judge.

### A. Defendants Croft, Coble, and Blackwell

In his Complaint, Plaintiff alleges that Defendants Croft, Coble and Blackwell were guards who joined a conspiracy to discriminate against him and to deprive him of his right to exercise his religious beliefs because of his CS faith and Caucasian race. (Doc. 6 at 20). Plaintiff also alleges that the decision made by Blackwell and Croft in April 2013 to place him on a ninety day grievance suspension is actionable. (Doc. 4, ¶ 391).

The Magistrate Judge concluded that the Complaint failed to state any claims for relief against these Defendants. (Doc. 6 at 20-21). The decision to place him on a ninety day grievance period was within the scope of the authority granted to Defendants by administrative regulations and did not implicate any statutory or constitutional right. (*Id.*). The grievance procedure is available to all inmates, and inmates who file multiple grievances which are repetitive impair the ability of other inmates to have their grievances addressed. Further, Plaintiff still had the right to file two Inmate Care Request (ICR), two Notification of Grievances ("NOG"), and had an unrestrained right to submit "kites" (written correspondences in prison facilities) to voice his concerns. (*Id.*). The Magistrate Judge found that although Plaintiff made conclusory allegations in his Complaint that Defendants Croft, Coble and Blackwell joined a conspiracy to discriminate against him because of his faith and to deprive him of his right to exercise his religion, there are no factual allegations that if proven, would demonstrate that these Defendants did anything other than perform their duties to operate ODRC's grievance process. (Doc 6. at 20).

Plaintiff objects to this finding, asserting that the Magistrate Judge's erred in the dismissal of Defendants Blackwell, Croft and Coble because he adequately stated claims against

them. (Doc. 13 at 11). Plaintiff alleges that Blackwell, Croft and Coble acted outside the scope of their duties to conspire with others to deprive Plaintiff of his civil rights and in violation of RLUIPA. (*Id.*). The Attorney General's retort relies on Sixth Circuit jurisprudence that responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under §1983" and therefore dismissing these Defendants was not contrary to law. *Shehee v. Luttrell,* 199 F.3d. 295, 300 (6th Cir. 1999); *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003).

Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged retaliatory behavior" cannot be liable under §1983. *Shehee v. Luttrell*, 199 F.3d at 300. These three Defendants are responsible for operating the ODRC's grievance process. (Doc. 6 at 20). Defendant Blackwell, an inspector who responded to Plaintiff's grievances, acted under the instruction of other decision-makers within the administrative process and therefore cannot be responsible for the conduct Plaintiff claims was in violation of the law. Similarly, Defendants Blackwell and Croft also were acting pursuant to their administrative duties to manage the grievance system when they placed Plaintiff on a ninety day suspension, after he reportedly misused the Inmate Grievance Procedure by filing "countless and unnecessary" ICR's and NOG's. (Doc. 6 at 16). Prior to Plaintiff being placed on suspension, he was warned by Defendant Blackwell that filing the unnecessary complaints would lead to suspension. (*Id.*). To assure that the grievance process works efficiently for all inmates, prison officials who are in charge of managing that process have a duty to ensure that the process is not abused by inmates filing repetitive and unnecessary grievances. Plaintiff was put on notice that his privilege of using the Inmate Grievance Procedure would be suspended if he continued

to file unnecessary ICR's, yet he continued to do so.  Defendants Croft and Blackwell were not acting outside the scope of their administrative duties when they placed him on a suspension.

Plaintiff also argues that Blackwell, Croft and Coble, as well as all the other Defendants, were in a conspiracy against him.  (Doc. 13).  To state a civil conspiracy claim, a plaintiff must allege "facts showing a single plan existed, that the alleged coconspirator shared in the general objective, and an overt act was committed in furtherance of the conspiracy that caused injury to him." *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996).  Plaintiff fails to allege that a single plan existed, that there was a shared general objective, or that an overt act had been committed in furtherance of a conspiracy.  (Doc. 16 at 4).  Accordingly, Plaintiff has failed to state a claim for relief against Defendants Croft, Coble and Blackwell.

### B. Defendants Barns, Richardson, Crisler, Davis, Hurst, Justus, Parish, Preston, Stout, Taylor, and Waddell

Plaintiff also objects to the Magistrate Judge's recommendation to dismiss Defendants Barns, Crisler, Richardson, Davis, Hurst, Justus, Parish, Preston, Stout, Taylor and Waddell. (Doc. 13).   Plaintiff makes the following allegations: (1) Defendant Barns wrongfully withheld pre-approved religious materials acting outside the scope of his duties as LoCI mailroom supervisor (Doc. 13 at 11); (2) Defendant Justus refused to provide a meaningful response to ICR's and in doing so, acted with specific intent to discriminate due to his faith and place a burden on the practice of his religion (*id.* at 23); (3) Defendant Parish denied Plaintiff's request for a confidential attorney-client telephone call with intent to impede Plaintiff's efforts to complete exhaustion of administrative remedies (*id.* at 23); (4) Defendant Richardson, mail room supervisor, failed to correct ongoing issues regarding improper withholding of materials and didn't follow notice procedures for withholding materials (*id.* at 24); (5) Defendant Stout acted in concert with others to perpetuate a "blanket ban" on plaintiff's religious materials with

discriminatory intent (*id.* at 25); and (6) Defendants Taylor, Davis, Hurst, Preston and Waddell acted with discriminatory intent to place a substantial burden on Plaintiff's practice of religion by withholding material (*id.* at 26).

The Magistrate Judge found no allegations that if proven, would demonstrate that Defendants Barns, Crisler, Davis, Hurst, Justus, Richardson, Parish, Preston, Stout, Taylor or Waddell acted to deny or to deprive the Plaintiff of a constitutional or statutory right and accordingly, concluded that Plaintiff had failed to state a claim for relief against these Defendants.  (Doc. 6 at 21-22).

Plaintiff objects to the Magistrate Judge's dismissal of the ten Defendants listed above, with the exception of Richardson and Parish, asserting that he adequately stated claims against them under RLUIPA, which carries a four year state of limitations period.  (Doc. 13 at 10).

The Attorney General responds that while Plaintiff is correct that the applicable statute of limitations period for a RLUIPA claim is four years, the Magistrate Judge found other federal claims brought by Plaintiff to fall under the two year statute of limitations period in the Ohio Revised Code § 2305.10.  (Doc. 16 at 4).

When a state, like Ohio, has multiple statutes of limitations for personal injury actions, "the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations, not any statute of limitations for specific intentional torts."  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  In *Browning*, the Court of Appeals held that the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is found in Ohio Revised Code § 2305.10, which prescribes a two-year limitations period.  *Id*. at 993.  Therefore, events alleged by Plaintiff which

occurred more than two years before July 2013 are not actionable because there is a two year statute of limitations period for claims under 42 U.S.C. § 1983.

Additionally, despite the two year statute of limitations period, Plaintiff failed to state a claim for relief against the eleven named Defendants.  Although prison officials are required to demonstrate a legitimate governmental interest for impinging on an inmate's constitutional rights, courts must also give deference to the reasoning of prison officials, so long as the justification is not "arbitrary or irrational." *Turner v. Safley*, 482 U.S. 78, 89-90 (1987).  Further, prison officials' are generally accorded great deference to the adoption and execution of policies, regulations to preserve internal order, discipline and security within the prison.  *Id.* at 85.

None of the Plaintiff's allegations suggests that Defendants acted outside the scope of their responsibilities or with intent to deny Plaintiff a constitutional or statutory right.  Defendants Barns, Stout, Taylor, Davis, Hurst, Preston, Barns, Richardson, Justus and Waddell acted within the scope of their duties to withhold material during the screening process.

Plaintiff claims that his Complaint sufficiently stated a claim against Defendant Parish because Parish denied him the opportunity to contact his attorney, with the intention of hindering "his ability to exhaust his administrative remedies and present his issues to the Court."  (Doc. 13 at 23).  Prisoners do not have a constitutional right to use a telephone.  *Cardona-Sandoval v. Rushing,* No. 4:09-CV-2987, 2010 WL 1485414, at *1 (N.D. Ohio Apr. 13, 2010).  Since Plaintiff did not have the constitutional right to make a phone call, his rights were not infringed upon by Parish's alleged actions.

### C.  Defendants Cahill, Hall, Jackson, Mohr, Noble, and Timmerman-Cooper

Plaintiff makes the following allegations: (1) Defendants Mohr and Jackson did not act to approve his request that ODCR recognize the CS faith (Doc. 4, ¶ 222); (2) Defendant Noble made a statement which demonstrated his intent to discriminate against the CS faith and sought

11

to intimidate Plaintiff from requesting CS material (*id*., ¶ 168-69, 176-80, 191-93, 203-15, and 371); (3) and finally, Defendants Jackson, Timmerman-Cooper, Noble, Cahill and Hall denied his request that his CS literature be made available to inmates in the chapel library, withheld material and rejected his request to waive the 10 CD limit (*id.*, ¶ 170, 181, 229-242).

The Magistrate Judge concluded that at this early state on initial screening, the Complaint states claims against these Defendants for interfering with Plaintiff's constitutional and RLUIPA right to exercise his CS faith.  (*Id*. at 22).  No party disputes that Plaintiff has pleaded actionable claims against these Defendants at this time.

## V. PLAINTIFF'S MISCELLANEOUS MOTIONS

Plaintiff has also filed various secondary motions.  Plaintiff objects to the Magistrate Judge's Order staying Defendants' responsive pleading deadline until after the Court has ruled on Plaintiff's Objection to the Report and Recommendation (Doc. 22); he requests a status conference (Doc. 24); and he seeks to supplement his Objection with additional case citations (Doc. 25).  Plaintiff's objection to the stay of the pleading deadline is without merit, and is supported by no basis other than Plaintiff's unhappiness with what he sees as the injustice of granting Defendants a stay while he was forced to spend money in serving process on all of the Defendants.  (Doc. 22 at 1-2).  Plaintiff's request for a status conference (Doc. 24) and his motion for leave to file supplemental authority (Doc. 25) both relate to his Objection to the Report and Recommendation, and are therefore rendered moot by this order.

## VI. CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 13), and accordingly **ADOPTS** the **Report and Recommendation** (Doc. 6).  Plaintiff's Objection (Doc.

22) is **DENIED**.  Plaintiff's Motion for a Status Conference (Doc. 24) and Motion for Leave to Supplement Additional Case Authorities (Doc. 25) are **MOOT** and therefore **DENIED**.

      **IT IS SO ORDERED.**

                                  **__s/ Algenon L. Marbley_____**
                                  **ALGENON L. MARBLEY**
                                  **UNITED STATES DISTRICT JUDGE**

**DATED: July 7, 2014**