IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James M. Carr, Sr., | : | |
| Plaintiff | : | Civil Action 2:13-cv-0762 |
| v. | : | Judge Frost |
| Jeff Noble, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

## Report and Recommendation

Plaintiff James M. Carr, Sr., an inmate at London Correctional Institution ("LoCI"), brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants have interfered with his exercise of his Caucasian-based Christian Separatist faith. This matter is before the Magistrate Judge on plaintiff Carr's July 10, 2014 motion for a temporary restraining order and preliminary injunction (doc. 28).

<u>Relief sought</u>. Plaintiff seeks an injunction directing defendants to comply with ODRC Policy 05-OIT-11 by permitting him to keep word processing files on the server or computer desktop in the prison law library so long as he is representing himself. Alternatively, he seeks an order permitting his family to send a USB flash drive to prison administrators to be made available to him in strict compliance with ODRC Policy 05-OIT-11(VI)(F).

Plaintiff Carr's July 10, 2014 Declaration Under Penalty of Perjury (doc. 28-1, PageID 1277-81) states that word processing files prisoners create in the prison's Resource Center, which is located fifteen feet from the Law Library, stay on the computer/law library server

for 90 days after the last time the file is worked on by the prisoner or until the inmate clerk erases it. (*Id.*, ¶ 11, PageID 1278.) Legal work is not permitted to be done in the Resource Center. (*Id.*, ¶ 12.) Because there are approximately 2,290 prisoners at LoCI, Law Library computers are first-come-first-serve, and there are no time limits, it is possible go days without being able to get on a computer. (*Id.*, ¶¶ 17-22.) Carr asserts that he needs "the ability to keep a file on the server in the Law Library to adequately prepare meaningful documents to be filed in this case." (*Id.*, ¶ 23, PageID 1279.) The prison Law Librarian has posted a notice that all files will be deleted once a week with no exceptions. (*Id.*, ¶ 28 and Ex. 4, PageID 1279 and 1287.) Carr complained and was told to tell the prison School Principal if he needed to save a file for a longer time. (*Id.*, ¶¶ 30-31, PageID 1279.) Carr argues that the prison policy does not comply with ODRC Policy 05-OIT-11. (*Id.*, Ex. 1, PageID 1282-84.) That policy provides that "inmate access to computers [is] limited to educational, career technical, law library, and industrial endeavors." ODRC Policy 05-OIT-11(V)(*Id.*, PageID 1283). Further,

> Inmates are permitted to perform non-administrative functions (such as desk-top publishing, simple word processing, etc.) upon the written approval of the Managing Officer/designee. In these instances, inmates are restricted to the use of stand-alone computers and must be properly supervised by staff.

ODRC Policy 05-OIT-11(VI)(B)(*Id.*, PageID 1284). Inmates are permitted access only to approved computer systems, such as "law library information." ODRC Policy 05-OIT-11(VI)(D)(*Id.*). Access to storage media is

> strictly controlled through the use of Supervision and a Sign-Out/Sign-In Log (DRC 1750). Under no circumstances will an inmate be permitted to remove storage media from the assigned training or work area. Storage media is con-sidered contraband and is not permitted for possession or receipt by an in-

2

mate, other than as described above.

ODRC Policy 05-OIT-11(VI)(F)(*Id.*). Inmates' passwords are kept in a log. ODRC Policy 05-OIT-11(VI)(H)(*Id.*). Prison supervisors are responsible for computer access and control. ODRC Policy 05-OIT-11(VI)(I)(*Id.*).

Legal standard. A court must assess four factors in deciding whether to issue a preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.

*McPherson v. Michigan High Sch. Athletics Ass'n, Inc.,* 119 F.3d 453, 459 (6th Cir. 1997)(*en banc*)(quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.,* 64 F.3d 1026, 1030 (6th Cir. 1995); *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Decision. Plaintiff has offered no proof that LoCI's rules regarding prisoners use of computers has denied him access to the courts or that it likely will. Carr has been able to timely file numerous pleadings, motions and briefs, including a 100 page complaint with over 100 pages of exhibits attached to it. Defendants have not violated ODRC Policy 05-OIT-11 by establishing a rule for the removal of files from the Law Library computers. Further, plaintiff offers no evidence to demonstrate that the work-around suggested in the responses to his kites does not adequately safeguard his right of access to the courts.

3

Accordingly, it is RECOMMENDED that plaintiff Carr's July 10, 2014 motion for a temporary restraining order and preliminary injunction (doc. 28) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
