UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. CARR, SR.,

    Plaintiff,

    v.                                    Case No. 2:13–cv–762
                                         Judge Algenon L. Marbley
JEFF NOBLE, *et al.*,                 Magistrate Judge Elizabeth P. Deavers

    Defendants.

## OPINION AND ORDER

    Plaintiff, James M. Carr, Sr, an Ohio inmate who is proceeding without the assistance of counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and London Correctional Institution ("LCI"), alleging that Defendants impeded his ability to exercise his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. This matter is before the Court for consideration of Plaintiff's Motion to Reconsider the Opinion and Order Filed on July 16, 2014 (ECF No. 34), Defendants' Objection to the Magistrate Judge's Report and Recommendation Issued October 28, 2014 (ECF No. 56), and the United States Magistrate Judge's November 19, 2014 Report and Recommendation (ECF No. 57). For the reasons that follow, Plaintiff's Motion to Reconsider is **DENIED AS MOOT**, Defendants' Objection is **SUSTAINED**, and the November 19, 2014 Report and Recommendation is **ADOPTED**.

### I.      Plaintiff's Motion to Reconsider (ECF No. 34)

In his July 2014 Motion to Reconsider, Plaintiff asks the Court to reconsider applying a two-year time bar to claims asserted under RLUIPA.  Plaintiff correctly points out that RLUIPA has a four-year statute of limitations.  *See* 28 U.S.C. § 1658(a).  The Court did not, however, dismiss any of Plaintiff's RLUIPA claims on statute-of-limitations grounds.  Instead, the Court found that Plaintiff could not assert claims under § 1983 based upon events occurring more than two years prior to the filing of his Complaint based upon the two-year statute of limitations period applicable to those claims.  (*See* July 16, 2014 Opinion & Order 10, ECF No. 29.)  Given this clarification, Plaintiff's Motion to Reconsider is **DENIED AS MOOT**.

### II.     Defendants' Objection to the October 2014 Report and Recommendation (ECF No. 56)

In July 2014, Defendants moved to dismiss Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8(a)'s requirement that a pleading contain a short and plain statement of the claim.  (ECF No. 31.)  Plaintiff opposed dismissal and identified which paragraphs that he believed that Defendants should respond to in light of the Court's dismissal of some of his claims.  (ECF No. 45.)  Plaintiff alternatively requested that the Court permit him to amend his complaint rather than dismiss the action with prejudice.  In the October 2014 Report and Recommendation, the Magistrate Judge recommended that the Court deny Defendants' Motion, stating that "Defendant should respond to those paragraphs that pertain to the remaining defendants as identified by plaintiff."  (ECF No. 51.)

Defendants now object to the October 2014 Report and Recommendation, asserting that Plaintiff's "100-page, typed single-spaced, 568-paragraph Complaint, with an additional 800 pages of exhibits, violates Rule 8 and should be dismissed with prejudice."  (Defs.' Obj. 1, ECF No. 56.)  Defendants point out that Plaintiff's Complaint is not organized chronologically, by

2

defendant, or by claim and that even with Plaintiff's own narrowing, 388 paragraphs remain. Defendants alternatively request that the Court accurately review the voluminous Complaint and detail which paragraphs survived the initial screen. In Plaintiff's response to Defendants' Objection, he asserts that Defendants should be required to answer the existing complaint because the Magistrate Judge has already conducted the initial screen and further asserts that the facts that he has alleged are central to his case.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having conducted a *de novo* review of Defendants' Motion to Dismiss and Plaintiff's Complaint, the Court finds Defendants' Objection to the October 2014 Report and Recommendation to be well taken. More specifically, the Court finds Plaintiff's one-hundred page, typed, single-spaced Complaint with its more-than-eight-hundred pages of exhibits to be in violation of Federal Rule of Civil Procedure 8(a)'s requirement that a complaint contain a short, plain statement of the claim and Rule 12(f)'s bar on redundant, immaterial, and impertinent materials. Rule 8(a) provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Plaintiff's current submission is deficient for a number of reasons. As Defendants point out, Plaintiff's voluminous Complaint is not organized chronologically, by defendant, or by claim. And it is neither the Court's nor Defendants' burden to sift through the Complaint, which contains numerous allegations that are impertinent to the remaining claims, to identify which allegations relate to viable claims and to make connections between what remaining allegations apply to which remaining defendant and what remaining claim.

The Court declines, however, to order the harsh result of dismissal with prejudice that Defendants request. Instead, Plaintiff is **ORDERED** to submit an amended complaint that complies with Rule 8(a)'s requirements, as set forth above, **WITHIN THIRTY DAYS**. In this Amended Complaint, Plaintiff must remove any claims or allegations relating to claims that the Court has previously dismissed pursuant to 42 U.S.C. § 1915 upon the initial screening of Plaintiff's Complaint. For each remaining Defendant, Plaintiff must include a "short and plain statement of the claim[s]" he seeks to advance, together with allegations showing that he is entitled to the relief he seeks. *See* Fed. R. Civ. P. 8(a). Plaintiff must remove any allegations that are immaterial to his remaining claims against the remaining Defendants. In addition, absent a successful Motion to Amend or Motion to Supplement, Plaintiff is not permitted to add additional parties or claims in this Amended Complaint. Finally, the Court cautions Plaintiff that it may dismiss his action if he fails to timely comply with this Order.

In sum, having conducted a *de novo* review, the Court finds Defendants' Objection to be well taken and therefore declines to adopt the October 2014 Report and Recommendation. The Court nevertheless **DENIES** Defendants' Motion to Dismiss (ECF No. 31), and instead, as

discussed above, **ORDERS** Plaintiff to file an Amended Complaint that complies with Rule 8(a) **WITHIN THIRTY DAYS**.

### III. November 2014 Report and Recommendation (ECF No. 57)

In the November 2014 Report and Recommendation (ECF No. 57), the Magistrate Judge recommended that Plaintiff's July 10, 2014 Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 28) be denied. The Report and Recommendation specifically advises Plaintiff that the failure to object to the Report and Recommendation within fourteen days results in a "waiver of the right to *de novo* review . . . by the District Judge and waiver of the right to appeal the judgment of the District Court." (Nov. 2014 Report and Rec. 4, ECF No. 57.) The time period for filing objections to the Report and Recommendation has expired, and Plaintiff has not filed an objection.

The Court has reviewed the Report and Recommendation of the Magistrate Judge. Noting that no objections have been filed and that the time for filing such objections expired, the Court **ADOPTS** the November 2014 Report and Recommendation (ECF No. 57) and **DENIES** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 28).

### IV. Disposition

For the reasons set forth above, Plaintiff's Motion to Reconsider is **DENIED AS MOOT**. (ECF No. 34.) In addition, Defendants' Objection to the Magistrate Judge's October 2014 Report and Recommendation (ECF No. 56) is **SUSTAINED**, but the Court nevertheless **DENIES** Defendants' Motion to Dismiss (ECF No. 31). Rather, consistent with Section II of this Opinion and Order, Plaintiff is **ORDERED** to file an Amended Complaint that complies with Rule 8(a) **WITHIN THIRTY DAYS** and is cautioned that failure to timely comply may result in dismissal of this action for failure to prosecute. Finally, the Court **ADOPTS** the

Magistrate Judge's November 2014 Report and Recommendation (ECF No. 57) and **DENIES** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 28).

    **IT IS SO ORDERED.**

                                                       /s/Algenon L. Marbley
                                                   **ALGENON L. MARBLEY**
                                                   **UNITED STATES DISTRICT COURT**

**DATED:  September 23, 2015**