UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. CARR, SR.,

    **Plaintiff,**

v.

    Case No. 2:13-cv-762
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

JEFF NOBLE, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, James M. Carr, Sr., an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants, employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and London Correctional Institution ("LoCI"), alleging that Defendants impeded his ability to exercise his religion in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). This matter is before the Court for consideration of Defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 142). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion be **GRANTED** and that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On April 26, 2016, Plaintiff filed a Second Amended Complaint, naming eleven Defendants. (ECF No. 124.) On June 24, 2016, Plaintiff moved to stay this case because of his possible release from LoCI. (ECF No. 135.) The Court granted Plaintiff's request to stay the

cause until December 28, 2016, and directed him to file a written status report by January 4, 2017. (ECF No. 137.)

Thereafter, Plaintiff reported that he had been released from LoCI and requested an additional ninety days to hire competent legal counsel to assist him in this litigation. (ECF Nos. 138, 140.) The Court granted Plaintiff's request and stayed the case for an additional ninety days and directed him to file a written status report on or before April 24, 2017. (ECF No. 139.) Despite the stay and additional time, Plaintiff did not file a written status report.

On May 9, 2017, Defendants filed a Motion to Dismiss for Failure to Prosecute based on Plaintiff's failure to file a status report in accordance with the Court's Order. (ECF No. 142.) Plaintiff did not respond to Defendants' Motion to Dismiss.

On November 27, 2017, the Court ordered Plaintiff to file a written status report on or before December 8, 2017. (ECF No. 143.) The Court specifically cautioned Plaintiff that the Court would likely dismiss the case for failure to prosecute if he failed to file a written status report. (*Id.*) Plaintiff has not filed the required status report.

## II.

Under the circumstances presented in the instant case, the Undersigned recommends that Defendants' Motion to Dismiss be granted and that this action be dismissed without prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This

measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

## III.

Here, the record demonstrates such delay and contumacious conduct. At Plaintiff's request, the Court has stayed this action on two occasions for a period of approximately ten (10) months (June 2016 to April 2017) because of Plaintiff's release from LoCI and his desire to hire legal counsel to assist him in this litigation. Although the Court ordered Plaintiff to file a written status report at the end of this stay by April 24, 2017, Plaintiff did not file a written status report. When Defendant moved to dismiss this action for failure to prosecute because he did not file a status report, Plaintiff failed to respond to Defendants' Motion to Dismiss. On November 27, 2017, when the Court again ordered Plaintiff to file a written status report by December 8, 2017, he was specifically warned that failure to file the report would likely result in the dismissal of this action for failure to prosecute. This Order (ECF No. 143) provided Plaintiff with adequate

3

notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to respond. Because Plaintiff has missed deadlines and disregarded Court Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that Defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 142) be **GRANTED** and that the Court **DISMISS** Plaintiff's action **WITHOUT PREJUDICE** under Rule 41(b).

## IV.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 12, 2017                                              /s/ *Elizabeth A. Preston Deavers*
                                                                      ELIZABETH A. PRESTON DEAVERS
                                                                      UNITED STATES MAGISTRATE JUDGE